IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BONNIE SMITH, ) Civil No. 04-39-JE
)
        Plaintiff, )
)
   v. ) FINDINGS AND
) RECOMMENDATION
TEAMSTERS LOCAL 670, TEAMSTERS )
LOCAL 162, TEAMSTERS LOCAL 962 AND )
JOINT COUNCIL OF TEAMSTERS NO. 37, )
)
        Defendants. )
_____)

    Vernon Cook
    519 Northeast 4th Street
    Gresham, OR 97030
        Attorney for Plaintiff

    John S. Bishop II
    McKanna Bishop Joffe & Sullivan, LLP
    1635 Northwest Johnson Street
    Portland, OR 97209

    Paul C. Hays
    Ping P. Tow-Woram
    Carney, Buckley, Hays & Marsh
    811 S.W. Naito Parkway, Suite 410
    Portland, OR 97204
        Attorneys for Defendant

JELDERKS, Magistrate Judge:

    Plaintiff Bonnie Smith brings this action against

Teamsters Local 670 and Joint Council of Teamsters 37

FINDINGS AND RECOMMENDATION - 1

("Defendants").[1]  Defendants move for summary judgment on all claims.  The motion should be granted.

## Background

Plaintiff worked out of Local 670 as a driver of construction vehicles between 1998 and 2004.  Plaintiff was placed on a dispatch list with Local 670 and was periodically called out for employment.  She alleges that male union members below her on the dispatch list were called out before her; Local 670 denied her request to inspect the dispatch list; she received no work or only disadvantageous work from Local 670 after asking to inspect the list; and that an employee of Joint Council 37 instructed an employee of Local 670 to deny Plaintiff's request to inspect the dispatch list.  Plaintiff says she filed grievances but no action was taken in response.

The Amended Complaint asserts claims for age and gender discrimination, breach of contract, intentional interference with economic relations, and intentional infliction of severe emotional distress.  Most facts alleged in the Amended Complaint, or set forth at Plaintiff's deposition, occurred between 1993 and early 2002.  This action was not commenced until January 13, 2004.

Plaintiff's attorney did not file a response to the summary judgment motion.  He subsequently moved to withdraw as

---

[1] Teamsters Locals 162 and 962 were also named as Defendants, but have since been voluntarily dismissed from the case by Plaintiff.

FINDINGS AND RECOMMENDATION - 2

counsel, which motion was granted. The court unsuccessfully tried to notify Plaintiff, by mail, of the oral argument date.

Plaintiff was subsequently contacted and a status conference held. Plaintiff appeared through new counsel, for purposes of that hearing only. Plaintiff did not file a formal response but did submit a short affidavit in opposition to summary judgment.

### Legal Standards

Summary judgment will be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A material fact is one that may affect the outcome of the action. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment may be granted, despite the presence of some factual disputes, if the resolution of those disputes could not change the final result. Id. See also Brunet, Redish, & Reiter, SUMMARY JUDGMENT: FEDERAL LAW AND PRACTICE § 6.04 (2d ed. 2000).

When a defendant moves for summary judgment, the plaintiff must proffer evidence that, if believed by a jury, would be sufficient to permit the jury to return a verdict in favor of the plaintiff at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The evidence, and any reasonable inferences that may be drawn from it, must be viewed in the light most favorable to the non-moving party. Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1257 (9th Cir. 2001).

FINDINGS AND RECOMMENDATION - 3

## Discussion

### Age and Gender Discrimination - Federal Law Claim

Plaintiff's federal law claim for age and gender discrimination is barred by the statute of limitations. EEOC issued a "Notice of Right to Sue" dated January 23, 2003. The Notice cautions that any action must be commenced within 90 days. Plaintiff commenced this action on January 13, 2004, which was too late.

### Intentional Infliction of Severe Emotional Distress

To prevail on her claim for intentional infliction of severe emotional distress, Plaintiff must prove that defendants (1) intended to cause her severe emotional distress or knew with substantial certainty that their conduct would cause such distress; and (2) that they engaged in outrageous conduct, that is, conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) defendants' conduct in fact caused Plaintiff severe emotional distress. Checkley v. Boyd, 198 Or. App. 110, 124 (2005).

That is a very high standard to meet. Plaintiff has not proffered sufficient evidence to establish any of the above elements. Accordingly, Defendants are entitled to summary judgment on this claim.

### Intentional Interference With Economic Relations

To state a claim for intentional interference with economic relations, Plaintiff must allege (1) the existence of a business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished

FINDINGS AND RECOMMENDATION - 4

through improper means; (5) a causal effect between the interference and damage to the relationship; and (6) damages. McGanty v. Staudenraus, 321 Or. 532, 535 (1995).

Plaintiff has not identified any particular business relationship she was deprived of, only an expectation that she would have been offered employment by employers who contacted the union if Defendants had dispatched her to jobs. That is insufficient to state a claim for this tort. Moreover, much of the alleged conduct occurred more than two years before this action was filed. The applicable statute of limitations for this tort in Oregon is two years. ORS 12.110(1). There are additional defects in this claim as well, but it is not necessary to discuss them.

**Age and Gender Discrimination - State Law Claim**

Again, most of the conduct at issue occurred well before this action was filed, some of it ten years ago. Consequently, to the extent the claim is premised on that conduct, it is barred by the statute of limitations.

Plaintiff alleges she was passed over for assignments at various times from 1993 through 1998, sexually harassed by a foreman while on a job in 1997, and that a union steward testified falsely in connection with a lawsuit she filed against a former employer. At deposition, Plaintiff stated that the incidents in which she allegedly was passed over in favor of male union members occurred during 1994 through 1998. She responded "no" when asked, "Do you have any evidence or

FINDINGS AND RECOMMENDATION - 5

facts of anyone from Teamsters Local 670 going around you on the list after 1998?"  Smith Depo., Tr. 299.

Plaintiff also alleges that sometime after April 2002, she was denied permission to view a dispatch list, and that she either has "not received work from Local 670's lists or only received offers [for] disadvantageous jobs."  At deposition, Plaintiff acknowledged she had received a number of construction job assignments from Local 670 over the years, including the period through 2004.  Plaintiff further acknowledged that she could not point to any evidence that her age or gender were the reason she wasn't getting certain jobs -- "But something's going on."  Tr. 93.  Those suspicions alone are not enough to get this claim before a jury.

**Breach of Contract**

Plaintiff has not met her burden to produce evidence showing that Defendants breached a contract to which she was a party or had a right to enforce as a third party beneficiary.

## Conclusion

Defendants' motion for summary judgment (#35) should be granted.

## Scheduling Order

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due October 28, 2005.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 12th day of October, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge